**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
JANE DOE,

                              Plaintiff,                    **COMPLAINT**

             -against-                                      *Jury Trial Demanded*

DOREEN COLOMBO,

                              Defendant.
-----------------------------------------------------------------X

Plaintiff, Jane Doe, by and through her attorneys, Sultzer & Lipari, PLLC, complaining of the Defendant herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## PARTIES

1.      Plaintiff, Jane Doe ("Jane"), is an individual residing in the County of Nassau, State of New York.

2.      Jane is proceeding anonymously in this matter pursuant to the "preservation of anonymity" provision of 15 USC § 6851(b)(3)(B).

3.      Defendant, Doreen Colombo ("Doreen"), is an individual residing in the County of Suffolk, State of New York.

## JURISDICTION AND VENUE

4.      This is a civil action based upon Doreen's violation of 15 USC § 6851, New York Civil Rights Law § 52-b, New York common law, as well as any other cause of action that can be inferred from the facts set forth herein.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because this action arises under 15 USC § 6851. The supplemental jurisdiction of the Court over state law causes of action is invoked pursuant to 28 U.S.C. § 1367.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391.

## FACTS

7. In 2017, Jane was working at a high-end store in Nassau County, where a frequent customer of hers was Joe Colombo ("Joe").

8. Over time, Joe struck up a friendship with Jane. However, outside of occasionally meeting for coffee, Joe and Jane had limited interactions.

9. In 2022, Joe told Jane that he had separated from his wife, Doreen, and that they were living separately.

10. After Joe told Jane that he had separated from his wife, Joe and Jane became closer and would occasionally meet for dinner or talk on the phone.

11. In early 2023, Joe continued to maintain to Jane that he was separated from his wife and that they were living apart.

12. Around this time, Joe and Jane began to date. Their dinners and phone calls became more frequent, and Joe expressed his genuine interest and affection for Jane.

13. Also around this time, Jane would sometimes send suggestive photographs of herself to Joe.

14. Despite this, Joe and Jane's relationship never became intimate.

15. In approximately August of 2023, the relationship between Joe and Jane began to wane, and they were not talking or meeting as much as they had been previously.

16.     One day in October 2023, Joe called Jane in a panicked state. He told Jane that Doreen had gone through his phone and discovered their conversations, along with the photos and videos that Jane had sent to Joe.

17.     Joe told Jane that Doreen was planning to come to Jane's place of employment to confront her.

18.     Doreen did, in fact, go to Jane's place of employment and confronted her co-workers. Doreen asked where she could find Jane and even inquired about her schedule.

19.     Shortly after this, Jane began receiving phone calls and text messages from Doreen on her personal phone, her work phone, and the land line at her place of employment.

20.     Doreen's calls and messages to Jane were harassing and sometimes even threatening. For example, Doreen sent Jane the following threatening messages:



21.     As a result of these threats, Jane, among other things, had anxiety and feared for her life.

22.     In late October, 2023, Jane was notified by her employer's human resources department that they had received explicit still and video images of her.

23.    The photos and video were taken from messages that Jane had sent to Joe.

24.    Doreen sent the photos and video to the human resources department in an attempt to cause Jane to embarrass her and to lose her job.

25.    Along with the explicit images and video, Doreen also falsely told Jane's employer that Jane was giving customers free merchandise and that she was sleeping with customers.

26.    An investigation launched by Jane's employer proved Doreen's accusations to be baseless.

27.    Since the photos and video were given to her employer, Jane's work has suffered, as she is constantly in fear that Doreen will appear again at her workplace to defame and threaten her.

28.    In addition, Jane is in a constant state of fear and anxiety that Doreen would disseminate the photos and video to other individuals, or that she will defame Jane to other individuals.

29.    Doreen's actions also caused irreparable damage to Jane's personal and professional reputation.

30.    All of these ramifications necessitated Jane's seeking medical attention, where she was put on anti-depressants and anxiety medication.

31.    In addition, Jane was forced to take a nearly two-month leave of absence from work to deal with her depression and anxiety.

## CAUSES OF ACTION

*First Cause of Action*
*Violation of 15 USC § 6851*

32.    Doreen obtained intimate images and video of Jane and then disclosed said images and video to Jane's employer via electronic mail.

33. Jane is identifiable in the images and video.

34. The images and video constitute "intimate visual depictions" under 15 USC § 6851.

35. The images and video were disclosed without Jane's consent.

*Second Cause of Action*
*Violation of New York Civil Rights Law § 52-b*

36. The aforementioned intimate images and video of Jane depict an unclothed or exposed intimate part of Jane's body.

37. Jane had a reasonable expectation that the images and videos would remain private.

38. Jane did not give Doreen consent to disseminate the images and video.

39. Doreen disseminated the images and video of Jane to Jane's employer for the purpose of harassing, annoying, or alarming Jane.

*Third Cause of Action*
*Intentional Infliction of Emotional Distress*

40. In disseminating the intimate photos and video of Jane to Jane's employer, Doreen engaged in extreme and outrageous conduct.

41. Doreen's actions were taken with the intent to cause, or in disregard of a substantial likelihood of causing, severe emotional distress to Jane.

42. Doreen's dissemination of the intimate photos and video caused Jane severe emotional distress.

*Fourth Cause of Action*
*Negligent Infliction of Emotional Distress*

43.    In disseminating the intimate photos and video of Jane to her employer, Doreen engaged in extreme and outrageous conduct.

44.    Doreen's actions were taken with the intent to cause, or in disregard of a substantial likelihood of causing, severe emotional distress to Jane.

45.    Doreen's dissemination of the intimate photos and video caused Jane severe emotional distress.


## PRAYER FOR RELIEF

Wherefore, Jane demands a jury trial and the following relief:

a.    For violation of 15 USC § 6851, liquidated damages in the amount of $150,000, and the cost of this action, including reasonable attorney's fees and other litigation costs reasonably incurred, pursuant to 15 USC § 6851(b)(3)(A)(i);

b.    For all other causes of action, compensatory damages in an amount to be determined by a jury, punitive damages in an amount to be determined by a jury, costs, interest, and attorneys' fees;

c.    Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

A trial by jury is demanded on all issues so triable.

Dated: Poughkeepsie, New York
         August 21, 2025

Respectfully Submitted,

Jason P. Sultzer, Esq.
Scott E. Silberfein, Esq.
SULTZER & LIPARI, PLLC
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com
silberfeins@thesultzerlawgroup.com

*Attorneys for Plaintiff Jane Doe*