UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
JANE DOE,

                               Plaintiff,

              -against-

DOREEN COLOMBO,

                              Defendant.
------------------------------------------------------------------X

Case No.: 2:25-cv-04685

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED VIA PSEUDONYM AND FOR PARTIAL SEALING OF THE DOCKET**

Plaintiff Jane Doe ("Plaintiff" or "Doe"), by and through her attorneys, Sultzer & Lipari, PLLC, respectfully submits this Memorandum of Law in support of her motion for an Order: a) granting Plaintiff permission to proceed under a pseudonym; b) directing all parties to refer to Plaintiff as "Jane Doe" or "Plaintiff" in all filings; and c) sealing any filings which contain photos or other images of Plaintiff.

**PRELIMINARY STATEMENT**

Plaintiff brings this action pursuant to, *inter alia*, 15 USC § 6851 and New York Civil Rights Law § 52-b, following Defendant Doreen Colombo's ("Defendant" or "Doreen") distribution of Doe's intimate images to Doe's employer. In addition to sharing the images, Defendant has also harassed Doe, threatened her, made false claims to Doe's employer, and made Doe fear for her life.

If Doe's name and intimate images are publicly disclosed in this litigation, she will face stigma and humiliation. Congress recognized the potential for this type of stigma and humiliation when it specifically stated courts considering 15 USC § 6851 actions "may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 USC § 6851(b)(3)(B).

1

## FACTUAL BACKGROUND

For the sake of brevity, Plaintiff will not repeat the allegations of her Complaint, but does provide facts herein that are relevant to this motion. The Court is respectfully referred to Doe's accompanying Declaration for a full recitation of the facts.

## ARGUMENT

Ordinarily, pleadings must name all the parties. Fed. R. Civ. P. 10(a). However, courts may allow a party to proceed anonymously after balancing a party's "interest in anonymity" against "both the public interest in disclosure and the potential prejudice to [the opposing party]." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 186-187 (2d Cir. 2008).

The Second Circuit has set forth a non-exhaustive list of ten factors to consider when conducting this balancing test:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;
(2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously or even more critically, to innocent non-parties;
(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
(5) whether the suit is challenging the actions of the government or that of private parties;
(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
(7) whether the plaintiff's identity has thus far been kept confidential;
(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
(9) whether, because of the purely legal nature of the issues presented, there is an atypically weak public interest in knowing the litigants' identities; and
(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 189-190 (quotation marks and citations omitted).

Courts need not consider all ten factors or "use any particular formation," as long as the

Court "balance[s] the interests at stake in reaching its conclusion." *Id.* at 191 n.4. As is shown below, here the *Sealed Plaintiff* factors weigh in favor of permitting Doe to proceed anonymously.

First, this litigation, which centers around the unauthorized and unlawful distribution by Defendant of private photos and a video[1] depicting Plaintiff in the nude, clearly involves matters that are highly sensitive and of a personal nature. Second, identification poses a risk of retaliatory physical or mental harm to the Plaintiff and to innocent non-parties.

As Doe states in her accompanying Declaration, the Defendant has already threatened Doe to the point that she feared for her life. (Declaration of Jane Doe, ¶16.) Furthermore, the disclosure of Doe's private images necessitated her being placed on anti-depressants and anxiety medication. (Declaration of Jane Doe, ¶28.) In addition, the Defendant has harassed Doe's mother, raising the risk that innocent non-parties, such as Doe's family, would suffer from disclosure of Doe's name. (Declaration of Jane Doe, ¶17.)

The third *Sealed Plaintiff* factor also weighs in favor of disclosure. Here, the exact injury that Doe is litigating against is the Defendant's attempt to humiliate and shame her via the unauthorized sharing of intimate images. Should Doe's name and personally identifiable images be made public, she would suffer humiliation and shame – literally the exact harms that she is litigating against. Under the fourth factor, the Plaintiff is not particularly vulnerable to possible harms of disclosure due to her age, but she is particularly vulnerable because the prior disclosure, which was much more limited in that it went to her employer, already impacted her severely. (See Declaration of Jane Doe, ¶25-29.) The Plaintiff believes that disclosure of her name and images to the public here would cause her even more injury than

---

[1] The images and video in question show the Plaintiff's face. Therefore, the Plaintiff would be personally identifiable if the images were disclosed.

3

the previous disclosure did. (Declaration of Jane Doe, ¶32.)

Under the sixth *Sealed Plaintiff* factor, courts must consider whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously. As the Defendant in this matter knows exactly who the Plaintiff is and already is in possession of the images at issue in this litigation, it is hard to imagine how she would be prejudiced by allowing Doe to proceed anonymously. The seventh factor, whether the plaintiff's identity has thus far been kept confidential, also weighs in favor of confidentiality, as the Plaintiff's identity and the images in question have not yet been widely disclosed.

Under the eighth factor, the court must consider "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." Allowing Doe to proceed anonymously and have her images sealed does not, in any way, impact the public's interest in the litigation. The parties here are private citizens litigating a highly-sensitive issue. Neither of them are public figures, elected officials, or governmental agencies. Nonetheless, the public's ability to monitor the litigation will be unimpeded. Plaintiff only seeks to maintain confidentiality over her identity and an order that any sensitive images be filed under seal. Otherwise, the entire docket would remain open to the public. Finally, under the tenth factor, if the Plaintiff's name is disclosed along with the nature of the case, there would be no alternative mechanisms to protect her confidentiality.

In addition to the above factors that weigh in favor of privacy, it is also noted that 15 USC § 6851's "very purpose is to protect against one's intimate matters being publicized, meaning that 'revealing plaintiff's identity plainly will incur, and thus compound, the very harm [s]he already allegedly has suffered as a result of defendants' alleged disclosures.'" *Doe v. Willis*, No. 23-CV-2171, 2023 U.S. Dist. LEXIS 188787, 2023 WL 6907100, at *2 (D. Colo. Sept. 22, 2023). Accord *Doe v. McCoy*, No. 1:23-CV-3169, 2024 U.S. Dist. LEXIS 33901,

2024 WL 843908, at *9 (N.D. Ga. Feb. 28, 2024) (noting "VAWRA seeks to protect significant privacy interests").

For all of the foregoing reasons, including the *Sealed Plaintiff* factors, the Court should grant that portion of the motion seeking to seal all filings which contain intimate photos or other intimate images of Plaintiff.

## **CONCLUSION**

In light of the above, the *Sealed Plaintiff* factors weigh heavily in favor of allowing Doe to proceed via pseudonym and to permit the sealing of all filings which contain intimate photos or other intimate images of Plaintiff. Therefore, Plaintiff's motion should be granted in its entirety.

Dated: Poughkeepsie, New York
August 26, 2025

/s/ Jason P. Sultzer
Jason P. Sultzer, Esq.
Scott Silberfein, Esq.
**SULTZER & LIPARI, PLLC**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com
silberfeins@thesultzerlawgroup.com

*Attorneys for Plaintiff Jane Doe*